Mr. Justice MacArthur,
delivered the ■ opinion of the court:
From the admitted statements in the bill the court could not but feel an inclination to relieve the complainant, if he could be relieved consistently with the principles and practice adopted for the administration of justice. W e are inclined to think that we cannot assist him without disregarding the settled law of the court. When a grievance cannot be redressed without this result, more mischief will arise from the attempt than from suffering matters to remain as they are. The complainant has already filed one bill of review, which has been dismissed at the equity term, and an application to file a second one has been refused by the general term, and the one now before us is the third in the series filed at the discretion of the party himself, without the requisite consent of the court having been first obtained. Perhaps this would be a sufficient objection to the present bill. But there are more serious considerations, leading to the same conclusion, and which at any time subsequent to the enrollment of the decree sought to be reviewed would have been fatal to any bill of the kind.
The circumstances under which this species of bill may be brought are stated in Cooper’s Equity Pleadings, at page 91. Speaking of a bill of review, he says: “It may be brought upon discovery of new matter, as a release or a receipt since discovered; but Lord Hardwicke declared that the constant construction which had been put upon this part of Lord Bacon’s rule was, that the new matter must have come to the knowledge of the party after publication passed. And it must be on new matter to prove what was before in issue, for a party cannot be entitled to a bill of review on new matter *171 to prove a title which was not before in issue. And if there has been anything like mere forgetfulness or negligence in parties under no incapacity, it will not do. And it must appear that the new matter has come materially and substantially to the knowledge of the party or his agents, which is the same thing, since the time of the decree in the former cause, or since such time as he could have used it to his benefit and advantagein the former cause; and, further, that such matter is relevant and material, and such as might probably have occasioned a different determination. But leave of the court must be obtained before a bill of review can be filed on this ground, and which the court will not grant without an affidavit that the new matter could not be produced or used by the party claiming the benefit of it at the time when the decree was made, and which affidavit must state the nature of the new matter, in order that the court may exercise its judgment upon its relevancy and materiality.”
And the bill in the present case fails in all these requirements. In the first place, the complainant appeared in the creditor’s suit, and answered without disclosing his title. The error of which he complains is therefore not apparent upon the face of the record. It was therefore a case in which it was necessary to obtain leave of the court in order to file a bill of review. The title complainant relies upon is not new matter, but existed prior to the former suit, and could have been used to his advantage at the time when the decree was made. He has acquired no new knowledge since, and is possessed of no fact now which he could not have produced and used at that hearing. Moreover, a bill of re- ■ view has been heretofore filed and dismissed, and a motion to file another has been denied. We think this should be a bar to the present proceeding. The demurrer is sustained and the bill dismissed. .